Harper J.
delivered the opinion of the Court.
yy, concur with the presiding judge that there was a sufficient consideration to support the action. In England it appears that au apprentice is not strictly assignable or transmissible to executors or administrators; yet as is said by Lord Mansfield in the King v. the Inhabitants of Stockland, 1 Doug. 71. if he continues with the consent of all parties, and his own, it is a continuation-of the apprenticeship.
From the cases there cited, it seems that after one assignment the apprentice may be again assigned, without the consent of the original master; and the case of the King v. Bridgeford, is referred to, in which the assignment was made by a person inti-tled to the administration, but who had not yet administered. Such an assignment, then, would not, at common law, be a nullity ; it would transfer the unexpired time of the apprentice subject to be determined, if he did not choose to continue with the assignee, and might, no doubt, be a sufficient consideration for an assumpsit. The case of Welborn v. Little, 1 N. & M. 264, goes further. In that, the original indenture was void, and therefore the assignment was void. Yet as the boy continued to serve as an apprentice, the transfer of his services was held a consideration for the money which was paid.
Independently, then, of our statute of 1740, this note would have been given on a sufficient consideration. That statute provides that the unexpired time of the apprentice shall be assets in the hands of an executor or administrator. If the statute had stopped here, no doubt the executor or administrator might have assigned, in any manner he might have thought proper. It goes on to provide, however, that the apprentice’s time may be assigned with the consent of two justices of the peace of the county in which the assignee resides. What the consequence shall be, if the assignment is made in any other manner, the act does not declare. It does not declare that the assignment on the indentures shall be void. I cannot suppose that the assignment has less effect than at common law, to transfer the right to the unexpired term of the apprentice, subject to be determined, if he shall not choose to continue with the assignee. At all *95 events the assignment must be good against the administrator himself, he could not reclaim the apprentice or bring an action for his earnings. This is a prejudice to him which makes a consideration. The assignee received a right to the apprentice’s time, if he should choose to continue with him. This may seem a very precarious benefit; but the chance of benefit is a consideration.
As to the argument of the note being void, not as being without consideration, but as given for a consideration against law, it is entirely misconceived.
The motion is therefore dismissed.
Johnson J. concurred.
O’Neall J. gave no opinion, having been of counsel in the cause.